IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SHENJI LIU ) | |
| ) | Case No. 3:24-cv-00641 |
| v. ) | Judge Richardson |
| ) | Magistrate Judge Holmes |
| LANCER INSURANCE COMPANY *et al.* ) | |

To: The Honorable Eli J. Richardson, United States District Judge

## REPORT AND RECOMMENDATION

This *pro se* civil case has been referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court. (Docket No. 6.)

Pending before the Court is Defendant Mark Slane's motion to dismiss (Docket No. 37), to which Liu responded (Docket No. 40)[1] and Slane replied (Docket No. 41). For the reasons set forth below, the undersigned respectfully recommends that Slane's motion to dismiss (Docket No. 37) be **GRANTED**.

### I. BACKGROUND[2]

**A. Procedural Background**

Liu filed this lawsuit *pro se* on May 23, 2024. (Docket No. 1.) In his original complaint, he explicitly named only two defendants: Lancer Insurance Company and Lancer Management

---

[1] Liu filed a "Motion to dismiss Defendant Mark Slaine's Motion to Dismiss [Doc 37] and Memorandum of Law [Doc 38] and impose sanctions for perjuries." (Docket No. 40.) The Court considers this filing to be Liu's response in opposition to Slane's motion to dismiss.

[2] On November 8, 2024, the Court entered a Report and Recommendation ("R&R") concerning three motions to dismiss from other defendants. (Docket No. 39.) That R&R includes a lengthy procedural and factual background section. (*Id.* at 2–7.) The Court will only repeat the background that is relevant to the instant motion to dismiss.

Company (collectively, "Lancer"). Lancer filed a motion to dismiss. (Docket No. 8.) In response, Liu filed an amended complaint on June 26, 2024 naming several more defendants, including Mark Slane. (Docket No. 15.) That amended complaint is now the operative complaint.

In response to the amended complaint, Lancer and two other defendants, Kay Griffin Evans PLLC and Richard L. Grant, filed motions to dismiss. (Docket Nos. 18, 19, 23.) On November 8, 2024, the undersigned issued a Report and Recommendation ("R&R") recommending that all three motions to dismiss be granted. (Docket No. 39.) That R&R remains pending for the District Judge's consideration.

On September 24, 2024, Liu filed a motion for entry of default as to Slane and two other defendants, the Tennessee Department of Commerce and Insurance and the Tennessee Board of Professional Responsibility. (Docket No. 32.) The Court denied the motion on October 25, 2024, but, with respect to Slane, the denial was without prejudice to refiling in compliance with Local Rule 55.01. (Docket No. 36.) On October 31, 2024, Slane filed the instant motion to dismiss. (Docket No. 37.)

B.   **Factual Background**

Liu is an individual who operates a trucking and transport business under the name Stone Buddha Transport. (Docket No. 15 at ¶ 4.) Lancer previously issued a commercial auto policy (the "Policy") to Liu. (Id. at ¶ 5.) In June 2019, one of Liu's trucks (the "Truck") sustained damage in an accident in California that was caused by the driver of another vehicle. (Id. at ¶ 18.) Liu made a claim with Lancer under the Policy for damage to the Truck. (Id. at ¶ 19.)

The majority of Liu's amended complaint is addressed towards Lancer and its alleged "mishandling of Plaintiff's insurance claim" and "misconduct." (*Id.* at ¶ 1.) With respect to Slane, Liu contends that Slane is liable under Tenn. Code Ann. § 47-2-403 for "conversion" of the Truck.

2

(*Id.* at ¶ 60.) Liu alleges that Lancer hired an inspector who wrongly found that the Truck was a "total loss" and then told Slane, who owns a company called Alignment Express, to pick up the Truck. (*Id.* at ¶¶ 23–26.) Liu contends that Slane is liable to him "for buying and selling [the] stolen vehicle, moving the stolen vehicle from Mexico to San Diego and holding it for towing and storage fee and falsifying lien[.]" (*Id.* at ¶ 7.)

## II. STANDARD OF REVIEW

In reviewing a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the well-pleaded material allegations of the pleadings as true. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Additionally, the Court is required to give the pleadings of *pro se* litigants a liberal construction. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).

Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–61 (2007). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## III. ANALYSIS

In his motion, Slane asks the Court to dismiss Liu's claim against him for conversion pursuant to Rule 12(b)(2) because the Court lacks personal jurisdiction over him and pursuant to

Rule 12(b)(6) because the conversion claim is time barred.³ (Docket No. 38.) In support of his motion, Slane filed his own declaration. (Docket No. 38-1.) In response, Liu argues that the motion should be denied because it was filed past the deadline and is supported by a multitude of "false statements." (Docket No. 40.) Liu filed an affidavit in support of his response. (Docket No. 40-1.)

    **1.    Timing of Motion**

As an initial matter, the Court finds that Slane's motion to dismiss is timely. In his response, Liu asserts that, pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, Slane was required to serve an answer within 21 days after being served with the summons and complaint. (Docket No. 40 at 1.) Accordingly, Liu contends that the Court should not consider Slane's motion to dismiss because it was not filed with the 21-day deadline set forth in Rule 12(a)(1)(A) and that the motion is, therefore, "a late filing." (*Id.*)

Liu is correct that Slane did not file his motion to dismiss within 21 days of being served with the summons and complaint. The return receipt filed by Plaintiff indicates that Slane was served on July 7, 2024. (Docket No. 21 at 10.) Slane did not file his motion to dismiss until nearly four months later on October 31, 2024, which was certainly beyond the 21-day deadline set forth in Rule 12(a)(1)(A). (Docket No. 37.)

However, the 21-day deadline offered by Liu is not the applicable deadline. Instead, if a party files a motion to dismiss under Rule 12(b)(2) or 12(b)(6) of the Federal Rules of Civil Procedure, like Slane did here, he must do so before he files an answer. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is

---

[3] Slane also originally asked the Court to dismiss the conversion claim pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction. (Docket No. 38 at 8–9.) However, Slane withdrew this argument based on the Court's November 8, 2024 R&R. (Docket No. 41 at 1 n.1.) Accordingly, the Court will not address Slane's subject matter jurisdiction argument.

allowed."). Here, Slane filed his motion to dismiss before filing an answer in accordance with Rule 12(b) of the Federal Rules of Civil Procedure. Although Slane's *answer* was due "within 21 days after being served with the summons and complaint," his answer is not at issue here.[4] Fed. R. Civ. P. 12(a)(1)(A)(i). Accordingly, the Court finds the motion to be timely.

Further, the Court finds it more appropriate in this instance to consider Slane's motion based on the merits of the arguments than to deny the motion based on timing. This approach is in line with the general rule that "the Federal Rules encourage courts to decide each claim on its merits rather than on procedural technicalities." *Livonia Pub. Schs. v. Selective Ins. Co. of the Se.*, 443 F. Supp. 3d 815, 861 (E.D. Mich. 2018) (quoting *Decorative Panels Int'l, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers Local Lodge W-260*, 996 F. Supp. 2d 559, 568 (E.D. Mich. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 181 (1962)). For these reasons, the Court will consider the merits of Slane's motion to dismiss.[5]

### 2. Personal Jurisdiction Under Rule 12(b)(2)

Slane first argues that the Court should dismiss Liu's claim against him because the Court lacks both general and specific jurisdiction over him. For many of the same reasons set forth in the Court's November 8, 2024 R&R regarding Defendant Grant's arguments that the Court lacks personal jurisdiction over him (Docket No. 39 at 21–26), the Court also finds that it has neither general nor specific personal jurisdiction over Slane.

---

[4] Liu previously filed a motion for entry of default judgment as to Slane. (Docket No. 32.) However, the Court denied the motion because Liu did not verify that Slane "is not a minor or incompetent person" or that Slane "is not in the military service, as required by 50 U.S.C. § 3931(b)(1)" as required under Local Rule 55.01. (Docket No. 36 at 4–5.) The denial was without prejudice to refiling in compliance with Local Rule 55.01. (*Id.* at 5.)

[5] As Slane states in his reply, the motion was filed shortly after he retained counsel. (Docket No. 41 at 2.) It is not unusual for there to be a slight delay at the outset of litigation so that a party may retain counsel.

When a motion to dismiss for lack of personal jurisdiction is filed under Rule 12(b)(2), the plaintiff has the burden of establishing the existence of jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The district court may determine the motion "on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 505 (6th Cir. 2020) (quoting *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). When the district court rules on a motion to dismiss for lack of personal jurisdiction based on written submissions alone, as in the present case, the plaintiff need only make out a prima facie showing that personal jurisdiction exists. *Id.* at 504. In such an instance, the pleadings and affidavits are considered in the light most favorable to the plaintiff, and the court does not consider or weigh the controverting assertions of the defendant. *Kelly v. Int'l Capital Res., Inc.*, 231 F.R.D. 502, 509 (M.D. Tenn. 2005). Dismissal is proper "only if all the specific facts which the plaintiff … alleges collectively fail to state a prima facie case for jurisdiction." *Id.* (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)).

To exercise personal jurisdiction in a diversity case, a federal court must have authorization under the state's long arm statute and must not run afoul of constitutional due process protections. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). "Tennessee's long-arm statute has been interpreted to be 'coterminous with the limits on personal jurisdiction imposed' by the Due Process Clause of the United States Constitution, and thus, 'the jurisdictional limits of Tennessee law and of federal constitutional law of due process are identical.'" *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005). Therefore, the Court need only address whether exercising personal jurisdiction over Slane is consistent with federal due process requirements. *Id.*

A court's assertion of personal jurisdiction over a defendant does not violate due process if the defendant has purposefully established "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Purposeful availment of the forum state's benefits and protections is required to satisfy the minimum contacts requirement. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Id.*

Personal jurisdiction can be either general or specific. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). General jurisdiction is present when a defendant's contacts with the forum state are "substantial" and "continuous and systematic," such that a state may exercise personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum. *Id.* at 418. Specific jurisdiction is proper when the claims in the case arise from or are related to the defendant's contacts with the forum state. *Intera Corp.*, 428 F.3d at 615.

First, with respect to general jurisdiction, Slane's actions – as set forth in the amended complaint (Docket No. 15) and Slane's declaration (Docket No. 38-1) – show that he has not had sufficient general contacts with the state of Tennessee. Accepting the allegations in the amended complaint as true:

- Slane is a "salvage buyer" who owns Alignment Express. (Docket No. 15 at ¶¶ 7, 26.)

- Slane bought and sold the Truck, which Slane "refused to return" and instead moved from San Diego to Mexico "to charge towing and storage fee[s]." (*Id.* at ¶¶ 7, 29.)

- Slane "collaborated" with Lancer to "discuss charging the Plaintiff storage fees and initiating a lien sale." (*Id.* at ¶ 34.)

- Plaintiff and Slane discussed whether the Truck could be returned to Plaintiff, but Slane did not return the Truck. (*Id.* at ¶ 35.)[6]

Liu has provided no other facts to support that this Court has general jurisdiction over Slane. *See Kelly*, 231 F.R.D. at 509. In his response to the motion, Liu contends that "Slane tried to collect[] the falsified 'towing and storage fee' within the state of Tennessee, which is consider[ed] as operating business in the state." (Docket No. 40 at 2.) In other words, Liu argues that Slane had sufficient contacts with the State of Tennessee because Slane tried to collect a fee from Liu. In support of this position, Liu filed a collection letter from Clear Choice Lien Service, Inc.; a portion of Lancer's claim notes; a letter from the California Department of Motor Vehicles; and an affidavit. (Docket No. 40-1.) However, none of these filings establish that Slane had any contact with the State of Tennessee, let alone continuous and systematic contact. Instead, these filing shows that Slane did not send the collection letter to Liu; that Slane received an email from Liu but did not send an email to Liu; and that Slane did not send the letter from the California Department of Motor Vehicles. (*Id.* at 2–4.) Further, nothing in Liu's affidavit demonstrates that Slane has had any affiliation with Tennessee aside from participating in this lawsuit (*id.* at 5).

---

[6] In his amended complaint, Liu also alleges that Slane "was doing business in the state of Tennessee." (Docket No. 15 at ¶ 7.) However, this allegation is one of law and not fact, which the Court is not obligated to accept as true.

In short, Liu's assertions in the amended complaint, his affidavit, and related filings fall far short of establishing general jurisdiction over Slane, which would require that Slane's affiliations with Tennessee be "so continuous and systematic as to render [him] essentially at home" in the state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). There is no indication in the amended complaint or any other filings that Slane has had any affiliation with Tennessee, let alone a continuous and systematic affiliation.

Further, as set forth in his declaration, Slane resides in California, and has never lived, owned real estate, had a bank account, or operated a business in Tennessee. (Docket No. 38-1 at ¶¶ 2–3, 16–18.) With respect to Alignment Express of California, Inc., Slane is the owner of the company, which is incorporated in the state of California and has its headquarters in San Diego, California. (*Id.* at ¶¶ 4–5.) Slane states that, to the best of his knowledge, he was not informed that the Truck previously belonged to a company located in Tennessee, Plaintiff did not mention that Plaintiff's business was located in Tennessee, and all of his communications with Plaintiff were done via email. (*Id.* at ¶¶ 11–14.) The Court assumes the veracity of this declaration because it does not conflict with the facts as alleged in the amended complaint. *See Kerry Steel Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997) (affirming district court's dismissal for lack of personal jurisdiction based on defendant's affidavits, which "were in no way inconsistent with the facts set forth by the plaintiff").

In his response, Liu argues that Slane's declaration contains "false statements." (Docket No. 40 at 3–4.) However, Liu's characterization of Slane's declaration is misleading and based on inaccurate assumption. For example, Liu characterizes Slane's testimony as stating that he "never know [sic] plaintiff (the truck owner) was Tennessee resident." (*Id.* at 3.) As an initial matter, this

9

is not what Slane said in his declaration. Instead, Slane said that "at no point during the process was I informed that the truck previously belonged to a company located in Tennessee" and that "[a]t no point in any of those communications do I recall Plaintiff mentioning that his business was headquartered in Tennessee." (Docket No. 38-1 at ¶¶ 11, 13.)

Not only does Liu mischaracterize Slane's declaration, but Liu also provides no evidence to contradict it. Instead, Liu contends that Slane should have known that Slane was dealing with a "plaintiff" in Tennessee, and that it is therefore reasonable to assume that Slane "made false statements under oath." (Docket No. 40 at 3.) The Court will not accept this unsupported attempt at logic. Liu has provided no evidence to contradict Slane's declaration, let alone to demonstrate that Slane "made false statements under oath." Accordingly, the Court finds this argument from Liu to be without merit.[7]

In sum, Slane's contacts with the state of Tennessee are minimal. *See Dillard v. Morris Nat'l, Inc.*, No. 3:15–00888, 2016 WL 8539788, at *3 (M.D. Tenn. Feb. 22, 2016). There are no allegations that Slane has had any affiliation with the state of Tennessee, let alone one that would render him "at home" in the state. Accordingly, the Court concludes that it lacks general jurisdiction over Slane.

Second, with respect to specific jurisdiction, the Court finds that Slane did not purposefully avail himself of the state of Tennessee. Purposeful availment is "something akin to a deliberate undertaking to do or cause an act or thing to be done [in the forum state] or conduct which can be properly regarded as a prime generating cause of the effects resulting in [the forum state], something more than a passive availment of the [forum state's] opportunities." *Bridgeport Music*,

---

[7] To the extent Liu seeks the imposition of sanctions against Slane and his counsel related to statements made by Slane in his declaration, that request is denied.

10

Case 3:24-cv-00641   Document 43   Filed 11/22/24   Page 10 of 13 PageID #: 373

327 F.3d at 478 (quoting *Neogen*, 282 F.3d at 891) (alteration in original). The Sixth Circuit established a three-prong test to determine whether specific jurisdiction exists and to ensure the exercise of jurisdiction does not violate a defendant's due process rights: (1) the defendant must purposefully avail itself of the privilege of acting or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts or consequences of the defendant must have a substantial connection to the forum state so as to make the exercise of jurisdiction reasonable. *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). *See also Youn*, 324 F.3d at 418. Although all three factors must be considered, "the *Mohasco* court called purposeful availment the 'sine qua non for in personam jurisdiction.'" *Kerry Steel Inc.*, 106 F.3d at 150.

Under the first and most important *Mohasco* prong, the facts alleged by Liu in his amended complaint do not suggest that Slane took any deliberate actions that then caused an effect in Tennessee. Slane did not contact anyone in Tennessee,[8] travel to Tennessee, enter into a contract with anyone or any entity in Tennessee, or otherwise conduct activities in Tennessee. Once again, the fact that Liu has a connection to Tennessee or is a party to a lawsuit in Tennessee does not establish that Slane purposely availed himself of Tennessee.

The Court likewise does not have specific jurisdiction over Slane under the second prong of the *Mohasco* test. Slane's alleged wrongdoing – the wrongful conversion of Plaintiff's Truck (Docket No. 15 at ¶ 60) – has no relation to the state of Tennessee. Liu contends that Slane sold the Truck without Liu's consent and without compensating Liu, and that Slane moved the Truck

---

[8] Further, if Slane did proactively contact Liu (though there is no evidence to indicate that he did), Slane contacted a citizen of the state of Georgia and not of Tennessee. As set forth in the November 8, 2024 R&R, based on the allegations within the amended complaint, the Court finds that Liu is a citizen of the state of Georgia. (Docket No. 39 at 29.)

from the state of California to the country of Mexico. (*Id.* at ¶¶ 7, 60.) The operative facts are related to Slane's actions in California, not Tennessee. The cause of action asserted by Liu against Slane in no way arose from activities in Tennessee.

As for the third and final *Mohasco* factor, the Court finds that it would not be reasonable to exercise jurisdiction over Slane based on his acts. The burden on Slane would be disproportionately high. Liu's allegations center on Slane's purported conduct in California. There is no interest on the part of Tennessee to decide a dispute about the conduct of a California citizen as it relates to his company's decision to sell a truck in California.

Because Liu has failed to establish either that Slane purposefully availed himself of the benefits and protection of Tennessee law or that Liu's cause of action arises from any contacts between Slane and this forum, it is clear that the exercise of jurisdiction in this case would not be reasonable. *See Moore*, 2020 WL 5039443 at *7. For these reasons, the Court is not able to exercise personal jurisdiction over Slane and recommends that Liu's claim against Slane for "conversion" be dismissed.

### 3. Failure to State a Claim Under Rule 12(b)(6)

Slane also contends that Liu's conversion claim fails as a matter of law under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the statute of limitations has expired. (Docket No. 38 at 9–10.) However, because the Court lacks personal jurisdiction over Slane, the Court may not decide whether Liu has failed to state a claim for conversion.

### IV. RECOMMENDATION

For the reasons set forth above, it is respectfully **RECOMMENDED** that Defendant Mark Slane's motion to dismiss (Docket No. 37) be **GRANTED** and Defendant Mark Slane be **DISMISSED** as a party from this lawsuit.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

        Respectfully submitted,

        _____
        BARBARA D. HOLMES
        United States Magistrate Judge