IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHENJI LIU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:24-cv-00641 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| LANCER INSURANCE COMPANY, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Pending before the Court is a Report and Recommendation of the Magistrate Judge entered on November 22, 2024 (Doc. No. 43, "R&R"), which recommends that the Court grant Defendant Mark Slane's motion to dismiss (Doc. No. 37) and dismiss Defendant Mark Slane as a party from this matter. No objections to the R&R have been filed,[1] and the time for filing objections has now expired.[2]

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D.

---

[1] Plaintiff, who is proceeding pro se, filed a (premature) notice of appeal to the Sixth Circuit purportedly of "the final judgment [Doc 39] entered on November 4th[,] 2024." (Doc. No. 42). The Court notes as an aside that nothing was entered in this case on November 4, 2024, and no "final judgment" has yet been entered in this case. The point for present purposes is that neither this notice of appeal, which was filed two days before the entry of the R&R, nor anything else on the docket constitutes objections to the R&R.

Notably, on January 2, 2025, Plaintiff filed a notice of a purported withdrawal of his purported appeal. (Doc. No. 54). Plaintiff is advised that he cannot count on the filing of this notice *in this Court* to have any effect on the pendency of the appeal *in the Sixth Circuit*, and that this Court (unlike the Sixth Circuit itself) lacks the authority to deem an appeal to the Sixth Circuit (even a premature one) to have been withdrawn.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro-se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on November 22, 2024, and as of January 3, 2025, Plaintiff has not filed any objections.

Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018) (citing *Thomas*, 474 U.S. at 150); *Benson v. Walden Sec.*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Ashraf*, 322 F. Supp at 881 (citing *Thomas*, 474 U.S. at 151).

Accordingly, the R&R is adopted and approved. Defendant Mark Slane's motion to dismiss (Doc. No. 37) is GRANTED, and Defendant Mark Slane is DISMISSED as a party from this matter.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE